## Kuenzel v. Silberman et al.

*Horenstein & Harvey*, for plaintiff; *Lester Bowman*, for defendant.

ALESSANDRONI, J., October 23, 1934.—This action was in trespass to recover damages for an alleged malicious prosecution. A verdict was returned in favor of the plaintiff in the amount of $2,610. The defendant in support of the motion for new trial alleges that one of the jurors did not find for the plaintiff and that the verdict was excessive. An affidavit was submitted by the defendant alleged to have been signed by one of the jurors stating that his verdict was for the defendants and not for the plaintiff.

The rule is firmly established that jurors should not be permitted to give testimony to invalidate their verdict after it has been rendered. As stated in Commonwealth v. Clay, 56 Pa. Superior Ct. 427, 464: "It is well settled that jurors, after they have rendered a verdict, ought not to be admitted to give testimony to invalidate that verdict: Cluggage v. Swan, 4 Binney, 150; Holt v. United States, 218 U. S. 245; and these specifications of error must be overruled." Also see von Moschzisker, Trial by Jury (2d ed.), sec. 426.

Our review of the testimony, however, leads us to the conclusion that the verdict rendered was excessive and should be reduced. The plaintiff was never actually arrested and taken into the custody of the constable or sheriff, and never imprisoned nor deprived of his liberty except for the short time he was compelled to wait for the entry of bail at the magistrate's hearing. The proven monetary damages totalled $110 and the testimony as to his humiliation, loss of reputation and business was rather indefinite. Under these circumstances, after considering the testimony as a whole, we feel that the verdict should be reduced to the sum of $1,110 or a new trial granted.

The motion for judgment n. o. v. is based on the theory that want of reasonable cause for the issuance of the warrant and malice were not shown by the plaintiff. The evidence discloses that on December 19, 1928, the plaintiff was a member of

the firm of Andrew G. Kuenzel & Son, which was engaged in the wholesale shoe business. He was also the president of the Vineland Shoe Corporation which owed the defendants the sum of $231.45. On December 19, 1928, the plaintiff received a blank note from the Vineland Shoe Corporation requesting him to renew the note which became due on that date to the defendants. Plaintiff called on the defendants and spoke to one of the partners, Max Silberman, who demanded $100 in cash and the balance in a renewal note. The plaintiff told Max Silberman that he had no other blank check with him than that of the Allegheny Title & Trust Company, in which his firm carried a very small account, but he finally agreed to execute a check dated ahead until Monday of the following week so that he would have time to obtain the $100 from the Vineland Shoe Corporation to make it good. He also gave a renewal note for the balance. However, when the check was made out by the plaintiff's bookkeeper, it was dated December 19, 1928, but Max Silberman agreed to hold it until the following Monday morning. As the Vineland Shoe Corporation never sent the $100 to the plaintiff, he never made a deposit to make the check good, and it was returned several times marked "Not Sufficient Funds." When the hearing was held before the magistrate a conversation was had between Lester Bowman, attorney for the defendant Max Silberman, and Marcus M. Lyons, Esq., who then represented the plaintiff, at which time Mr. Bowman stated that the costs of the prosecution would be dropped if the face amount of the check was paid. The plaintiff was previously dunned continuously for the payment of the check, but stated that he never paid it as it was not his obligation. When the case came to trial the court directed a verdict in favor of Andrew G. Kuenzel.

Our Supreme Court in the cases of Altman v. Standard Refrigerator Co., Inc., 315 Pa. 465, and Groda v. American Stores Co., 315 Pa. 484, has recently reiterated the rule that in malicious prosecution cases an acquittal of the criminal charge is not evidence of want of probable cause nor malice, and the burden is on the plaintiff to prove all three of these factors. The plaintiff testified that the prosecution resulted from a transaction in which he executed a check for $100 dated December 19, 1928, the day on which the check was given, which check was never honored because of insufficient funds in that account. He, however, stated that he informed one of the defendants that the check should be postdated as he did not have sufficient funds in the bank to meet the obligation of the check, but would endeavor to obtain the amount of the check from the Vineland Shoe Corporation. His testimony indicated that Max Silberman so understood the delivery of the check and this in itself would be evidence from which the jury might find want of probable cause and malice. Moreover, the statement by the defendant's attorney, previous to the hearing before the magistrate, that the prosecution and costs would be dropped if the face amount of the note was paid was evidence indicating that the prosecution was brought merely to enforce payment of the check and not to cause him to answer for the violation of the statute. This also is evidence from which a jury could infer want of probable cause and malice. All the circumstances surrounding the execution of the check and the conversations of the parties, as well as the subsequent dunning of the plaintiff culminating in the issuance of the warrant, were elements bearing vitally on the question of probable cause and malice. The question was properly one for the jury and was so submitted.

Defendants also contend that they acted on the advice of counsel and, therefore, are relieved of responsibility. However, the testimony of the defendant

as to the statements which he made to his counsel differed vitally from the facts as stated by the plaintiff. In addition, it was held in the case of Groda v. American Stores Company, supra, that whether advice of counsel constitutes a good defense depends upon the good faith with which it is sought and followed, and such good faith is "shown by the candor, fullness, and fairness of the client's statement upon which the advice is based; and its adequacy in those respects, whenever it is disputed, is for the jury to determine upon all the evidence." This question was properly submitted to the jury by the trial judge.

And now, to wit, October 23, 1934, the motion for judgment n. o. v. is overruled and the motion for new trial is discharged upon the plaintiff filing a remittitur of all sums in excess of $1,110; otherwise rule absolute.